**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 09-10590 (EAG) |
| GUILLERMO ACEVEDO & NORMA I. FUSTER, PSC, | CHAPTER 7 |
| DEBTOR. | |
| WIGBERTO LUGO MENDER, Trustee For The Estate of Guillermo Acevedo & Norma I. Fuster, PSC, | ADVERSARY NO. 11-00055 (EAG) |
| PLAINTIFF, | |
| v. | |
| COMMONWEALTH OF PUERTO RICO, et al., | |
| DEFENDANTS. | FILED & ENTERED ON 04/04/2013 |

**OPINION AND ORDER**

On February 24, 2011, the chapter 7 trustee initiated an adversary proceeding on behalf of debtor Guillermo Acevedo & Norma I. Fúster, PSC ("debtor") against the Commonwealth of Puerto Rico ("Commonwealth" or "defendant"), as well as several unnamed corporations, insurance companies, and individuals.[1] (Adv. Docket No. 1.) Claiming that the Department of Housing of Puerto Rico, an executive department of the Commonwealth, owes a debt to the bankruptcy estate in the amount of $8,430.85 plus interest, costs, and attorney's fees for services rendered by debtor,

---

[1] As debtor has taken no steps to amend its complaint or serve any unidentified defendant, the court hereby dismisses all claims against the fictitious parties. Brown v. New Hanover Twp. Police Dep't, 2008 U.S. Dist. LEXIS 71434, at *16-*18 (E.D. Pa. Sept. 19, 2008) ("[fictitious] parties must be dismissed if discovery does not yield their identity").

the trustee asserts a cause of action for turnover of property pursuant to 11 U.S.C. § 542(b). The defendant filed its answer on May 13, 2011. (Adv. Docket No. 9.)

Pending before the court is a motion for summary judgment brought by the trustee, defendant's opposition thereto, and the trustee's reply. (Adv. Docket Nos. 26, 34, 36, 41.) For the reasons stated below, the court hereby GRANTS IN PART and DENIES IN PART the trustee's motion.

**Jurisdiction**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**Statement of Facts**

The following facts are uncontested pursuant to Fed. R. Civ. P. 56 and D.P.R. Civ. R. 56, made applicable to these proceedings through Fed. R. Bankr. P. 7056 and P.R. LBR 1001-1(b) and (d), respectively:

Debtor is a professional services corporation dedicated to urban architectural planning and interior design. Several years prior to filing for bankruptcy, debtor was hired by the Department of Housing for design and development projects in two communities, one in San Juan and the other in Mayaguez. The parties entered into separate agreements as to each community. The first of the contracts, concerning the San Juan location, was entered into on October 31, 2006. On September 5, 2008, after completing the project to the Department of Housing's satisfaction, debtor sent the Department of Housing invoices totaling $2,770.35. The second contract, regarding the Mayaguez

2

location, was entered into on January 30, 2007. Again, it is uncontested that the work was completed to the satisfaction of the Department of Housing. In January 2008, following the project's completion, debtor invoiced the Department of Housing in the amount of $5,660.50. To this date, the Department of Housing has not disbursed any payment for the amounts owed under either contract, which together total $8,430.85.

Defendant maintains that the reason it has not done so is that it is prohibited from disbursing the funds due to orders of attachment entered in two unrelated state court cases. In 2007, Andrés Sanchez Carrión ("Sanchez") brought a collection of monies suit against Acevedo and Fúster, as well as the conjugal partnership they comprise, in their personal capacities. See Carrion v. Norma I. Fuster, et al., Civil Case No. B2CI 2007-00959. As part of that suit, the state court entered an order attaching Acevedo and Fúster's personal assets up to the amount of $107,932.15 on September 14, 2007. (Adv. Docket No. 57-1.) That same year, Geotec, Inc. ("Geotec") brought a collection of monies suit against Acevedo, Fúster, debtor, and another professional services corporation. See Geotec, Inc. v. Guillermo Acevedo, et al., Civil Case No. KCD 2007-0014. The suit was dismissed against Acevedo and Fúster in their personal capacity; however, the court entered judgment against debtor on April 8, 2008. (Adv. Docket No. 57-2.)

Subsequently, on December 10, 2009, debtor filed a voluntary petition for bankruptcy under chapter 7 of the Bankruptcy Code. (Bankr. Docket No. 1.) Sanchez and Geotec were both listed as unsecured creditors on schedule F and were included on the creditor matrix filed with the petition. Id. Sanchez and Geotec filed proofs of claim on December 21, 2010 and December 20, 2010,

3

respectively. (Claims Register Nos. 1-1, 4-1.) The Department of Housing was not listed as a creditor in the petition and thus was not included on the creditor matrix.[2]

Following the filing of debtor's bankruptcy petition, on March 25, 2010, the state court in the Geotec action entered an order for the attachment of funds due to debtor held by any Commonwealth agency up to the sum of $77,996.00 plus interest, costs and attorney's fees. A writ of attachment was issued on April 14, 2010. (Adv. Docket No. 57-2.) While not entirely clear from the parties' submissions, it does not appear that the funds in question were ever remitted to the state court.[3]

**Summary Judgment Standard**

Pursuant to Rule 56, made applicable to this proceeding by Fed. R. Bankr. P. 7056, a court shall grant summary judgment when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodriguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

---

[2] Of note, the debtor includes an entry for "accounts receivable from projects" in the amount of $48,051.42 as personal property on schedule B. (Bankr. Docket No. 1 at 7.) It is not clear, however, whether this entry relates to the accounts receivable owed by the Department of Housing.

[3] The fact that Geotec characterizes its claim as unsecured further supports this conclusion. (Claims Register No. 4-1).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id.

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

**Legal Analysis**

The filing of a chapter 7 case automatically creates a bankruptcy estate subject to administration by a trustee. 11 U.S.C. §§ 541, 704(a). Section 541 of the Bankruptcy Code defines property of the estate broadly, encompassing, with certain exceptions, "all legal or equitable interests

of the debtor in property as of the commencement of the case," "wherever located and by whomever held." 11 U.S.C. § 541(a)(1). See United States v. Whiting Pools, 462 U.S. 198, 204-05, 210-11 (1983) (noting Congress's intent for the provision to be wide reaching, Court found estate property to include property seized by the IRS prior to the filing of the petition but not yet sold at a tax sale). Section 542 requires all entities in possession, custody or control of any property of the estate that the trustee may use, sell, or lease to turn over said property to the trustee at the commencement of the case. 11 U.S.C. § 542(a). Section 542(b) specifically requires any entity owing a debt to debtor that is "matured, payable on demand, or payable on order" to pay such debt to the trustee, except to the extent it is subject to setoff under Section 553. 11 U.S.C. § 542(b). The obligation to turn over property to the trustee under Section 542 is self-operative and does not require a motion by the trustee. See In re Randolph Towers Coop., Inc., 458 B.R. 1, 6 (Bankr. D.D.C. 2011) (clarifying that a trustee's remedy when an obligor fails to comply with the provision, absent a finding of bad faith, is to sue for enforcement of said provision rather than to seek a contempt order).

At issue in the present case is whether the amounts owed by the Department of Housing to debtor under the San Juan and Mayaguez contracts constitute property of the estate, and, if so, whether the debt, which is not exempt, is "matured, payable on demand, or payable on order." 11 U.S.C. § 542(b). Defendant does not dispute the latter, and the court finds that the uncontested facts support a finding that the debt is "matured," "payable on demand," and "payable on order." The defendant instead argues in its opposition to the motion for summary judgment only that the fact that the funds in question are subject to attachment orders in two state cases prevents it from complying with Section 542. (Adv. Docket No. 34 at 9-10.) The court construes defendant's argument to be that debtor has lost its "legal or equitable" interest in the debt owed by the Department of Housing

6

due to the attachment orders. The court finds this argument to be unavailing.

Typically, a determination of whether a debtor's property subject to attachment or garnishment remains part of the bankruptcy estate involves a question of state law. See Alan N. Resnick, Henry J. Sommer, 3-62 Collier Bankruptcy Practice Guide P [62.02] [1] (Matthew Bender). See, e.g., In re Carlsen, 63 B.R. 706, 709 (Bankr. C.D. Cal. 1986) (recognizing that, while under Tennessee law, an execution of a writ of garnishment ends a debtor's legal and equitable rights in future wages, that the same order under California law would merely create a lien on the earnings). Here, this issue need not be reached, because neither state court attachment order referenced by defendant actually affects the bankruptcy estate.[4]

In the Sanchez case, the order of attachment extended only to Acevedo and Fúster in their personal capacities, not to the debtor corporation. (Docket No. 57-1.) Therefore, the attachment order, regardless or whether or not it was complied with by the Department of Housing, does not impact the property of the estate.

With regard to the Geotec case, while the attachment order does cover the amounts owed by the Department of Housing to debtor–rather than to Acevedo and Fúster–under the two contracts, the order and writ of attachment were both entered several months after debtor had commenced its bankruptcy case. Although judgment was entered against debtor on April 8, 2008, the order of attachment was entered post-petition, in March 2010, with the writ being issued the following month.

When a debtor files a bankruptcy petition, it immediately falls under the protection of the

---

[4] In light of this, the issue of whether the Department of Housing actually complied with either of the attachment orders becomes academic for purposes of the present motion.

automatic stay.  11 U.S.C. § 362.  Among other things, the stay prohibits the enforcement of a judgment against the debtor or property of the estate obtained before the commencement of the case, any act to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and any act to "collect, assess, or recover" a claim against debtor arising before the commencement of the bankruptcy case.  11 U.S.C. § 362(a)(2), (3), (6).  It is well settled in the First Circuit that acts undertaken in violation of the automatic stay are void.  See Soares. v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir. 1997).

Here, Geotec's post-petition efforts to collect on its judgment constitute a violation of the automatic stay.[5]  See Perez v. Segarra (In re Perez), 2010 Bankr. LEXIS 1975, at *6-*7 (Bankr. D.P.R. June 18, 2010) (court found that the Treasury Department had violated the automatic stay pursuant to Section 362(a)(1) and (6) by issuing collection notices to debtor and attaching debtor's property after the bankruptcy case had commenced).  It follows then that the state court's order and writ of attachment which the Department of Housing relies on, in part, to justify its non-payment to debtor of the amounts owed, are void.  Having dispensed with defendant's justifications for not paying debtor, the court finds that the accounts receivable owed by the Department of Housing must be turned over to the trustee, pursuant to Section 542(b).

Based on the foregoing, the court hereby GRANTS debtor's motion for summary judgment to the extent it requests that defendant be ordered to turn over $8,430.85 to the trustee under Section 542(b).  While the trustee's motion also seeks to impose interest, attorney's fees and costs on

---

[5] As the matter is not currently before it, the court does not opine as to whether Geotec's conduct constitutes a willful violation of the automatic stay under Section 362(k). It should also be mentioned that it is unclear from the parties' submission when, if ever, the state court was made aware of debtor's bankruptcy case. Of course, this ultimately has no bearing on the court's determination that the stay was violated. See In re Halas, 249 B.R. 182, 192 (Bankr. N.D. Ill. 2000) (stating that the fact that a stay violation "was inadvertent as opposed to willful does not alter the legal conclusion here that the ... judgment was void when it was entered").

defendant, neither the motion for summary judgment nor the reply set forth a sufficient legal basis as to why the trustee is entitled to said relief in this case. The court notes that there has been no finding of contempt or bad faith against the defendant, nor has the trustee sought such a finding. See Randolph Towers Coop., 458 B.R. at 6-7 (the imposition of attorney's fees under Section 542(b) is reserved for instances where the account obligor defends itself in bad faith). Therefore, the court hereby DENIES debtor's motion for summary judgment to the extent it seeks to impose interest, attorney's fees and costs on the defendant.

In Ponce, Puerto Rico, this 4th day of April, 2013.

Edward A. Godoy
U.S. Bankruptcy Judge